IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOSH MOREING,

    Plaintiff,

v.

NEW HORIZONS,

    Defendant.

Case No. 1:24-cv-01169-CL

**ORDER AND OPINION**

---

**CLARKE**, Magistrate Judge.

Plaintiff Josh Moreing, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against Defendant New Horizons. For the reasons below, Plaintiff's Complaint (#1) is DISMISSED without prejudice and with leave to refile an amended complaint within thirty days. Plaintiff's IFP Application (#2) will be held in abeyance and reconsidered along with the amended complaint, if filed.

**DISCUSSION**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, Plaintiff cannot satisfy the second determination because his Complaint fails to state a claim upon which relief may be granted.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As interpreted by the Supreme Court, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, the Court must deny Plaintiff's IFP application because the Complaint does not contain a short, plain statement of relief. Nor does it provide any factual matter from which the Court could infer that the named Defendant is liable to Plaintiff for any harm. Plaintiff merely provides: "Stealing 10,000 [sic] of gym equipment and negligence because of cockroaches in my house." In the absence of any factual matter pled, the Complaint fails to state a claim for relief.

A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Federal courts, like this District Court, are courts of "limited

jurisdiction," meaning that their ability to hear cases and issue binding orders is restricted. Generally, only two types of cases may be heard in federal court: cases in which a citizen of one state sues a citizen of another over an amount that exceeds $75,000.00 ("diversity of citizenship") and cases arising under a provision in the United States Constitution, a federal law, or a treaty ("federal question"). *See* 28 U.S.C. §§ 1331–32. Here, the Complaint fails to demonstrate either. Plaintiff and Defendant are both citizens of Oregon, and the basis provided for federal question jurisdiction merely states: "Theft and Negligence." To bring a claim under federal question jurisdiction, as the Complaint appears to attempt, a specific federal statute, federal treaty, or provision of the United States Constitution must be at issue in this case. In the absence of such, this Court does not have jurisdiction to hear the matter.

Based on the failure to state a cognizable legal claim, the Court cannot grant Plaintiff's request.

## CONCLUSION

Pleadings by self-represented litigants are held to a less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.*

Here, even under relaxed standards, the Complaint fails to state a legally cognizable claim for relief. It is not, however, entirely clear that the deficiencies cannot be cured by amendment, and therefore Plaintiff is granted an opportunity to amended.

## ORDER

Plaintiff's Complaint (#1) is dismissed without prejudice and with leave to file an amended complaint within thirty (30) days. If Plaintiff fails to file an amended complaint, or fails to cure the deficiencies identified above, the case will be dismissed with prejudice. Plaintiff's IFP Application (#2) will be held in abeyance and reconsidered along with the amended complaint, if filed.

DATED this ___ day of _____, 2024.

_____
MARK D. CLARKE
United States Magistrate Judge